UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FELICIA HAIMDAS,

                        Petitioner,

                - against -

JAGMOHAN HAIMDAS,

                        Respondent.
-------------------------------------------------------------X

**MEMORANDUM OPINION, ORDER AND JUDGMENT**

09-CV-02034 (ENV) (MDG)

**VITALIANO, D.J.**

      On May 13, 2009, petitioner Felicia Haimdas initiated this action by filing a Verified Petition for Return of Children ("Petition") pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg. 10,494 (Mar. 26, 1986) ("Hague Convention" or "Convention"), as implemented by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610 (2000) ("ICARA"). On June 9, 2010, the Court filed a Memorandum and Order granting the Petition and, *inter alia*, holding that the subject children, S.H. and A.H. (together, the "Children"[1]), must be returned to the United Kingdom. The Court ordered petitioner to submit a proposed judgment, along with a request for attorneys' fees and costs, which petitioner timely filed on June 17, 2010 and June 21, 2010, respectively. On June 22, 2010, respondent Jagmohan Haimdas filed a notice appealing the Court's Memorandum and Order to the United States Court of Appeals for the Second Circuit. On June 24, 2010, respondent filed: (1) an objection to petitioner's claims for fees and bill of costs; and (2) a "Motion for a Stay of Order

---

[1] The Childrens' initials, instead of their full names, are used to protect their identities, pursuant to Rule 52 of the Federal Rules of Civil Procedure.

1

for Return of Subject Children Pending Outcome of Appeal." Petitioner submitted an opposition to the latter motion on June 29, 2010, and a reply in further support of her fee and costs application on June 30, 2010.

## **REQUEST TO STAY**

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, a district court may stay enforcement of a judgment while an appeal is pending. A party seeking a stay pending appeal under Rule 62(c) bears a "difficult burden." United States v. Private Sanitation Indus. Ass'n, 44 F.3d 1082, 1084 (2d Cir. 1994). Four factors are relevant in determining whether to grant a stay pending appeal: (1) substantial injury to the party opposing a stay if one is issued; (2) irreparable injury to the movant if a stay is denied; (3) the likelihood of success on the merits on appeal; and (4) the public interest. See Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987); see also In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). The factors should be considered on a "sliding scale," such that a greater showing on one excuses a lesser showing on another. See Thapa v. Gonzales, 460 F.3d 323, 334-35 (2d Cir. 2004).

Although respondent generally posits that there is a high likelihood of success on the merits of his appeal due to "substantial questions regarding the main issues in this proceeding," he makes no effort to specify what he perceives those "substantial questions" to be. The thrust of respondent's argument is that he will suffer irreparable harm if the Children return to England now, because the outcome of his appeal will be mooted. The Court notes that, while the Second Circuit has not directly addressed this issue, at least two other circuit courts have held that an appeal from a decision under the Hague Convention does not become moot merely because a child is returned to the custody of the petitioner in a foreign country, and at least one has reached

2

the opposite conclusion.  Compare Whiting v. Krassner, 391 F.3d 540, 545 (3d Cir. 2004) (return did not moot appeal); Fawcett v. McRoberts, 326 F.3d 491, 496-97 (4th Cir. 2003) (same) (abrogated on other grounds, Abbott v. Abbott, 130 S. Ct. 1983, 2009 (2010)) with Bekier v. Bekier, 248 F.3d 1051, 1055 (11th Cir. 2001) (return did moot appeal because federal court was "powerless" to grant relief to the respondent afterward).

In Fawcett, whose logic the Third Circuit substantially adopted in Whiting, the Fourth Circuit acknowledged that, in some cases, "once an action has been taken there is no way to unscramble the egg," but observed that "no law of physics would make it impossible for [petitioner] to comply with an order by the district court that she return [the child] to the United States" following a reversal and remand.  326 F.3d at 496 (internal quotation marks omitted) (distinguishing B & B Chemical Co., Inc. v. United States EPA, 806 F.2d 987, 989 (11th Cir. 1986) (holding that a challenge to the execution of a warrant to enter property was moot because the warrant had already been executed), and Univ. of Texas v. Camenisch, 451 U.S. 390, 398, 101 S. Ct. 1830, 1835 (1981) (holding that an appeal of a court order compelling university to provide student with sign-language interpreter was moot because the interpreter had been provided and the student had graduated)).  The Fourth Circuit observed that an enforcement mechanism existed because the courts of the United Kingdom are required by statute to recognize another contracting state's Hague Convention orders, and reasoned further that, even if the foreign court were not subject to that requirement, the petitioner might nevertheless comply with an order of return issued by the American district court of her own volition and could be held in contempt by the district court if she did not.  See id. at 497.

However, in Navani v. Shahani, 496 F.3d 1121, 1131-32 (10th Cir. 2007), the Tenth Circuit found a Hague Convention appeal to be moot, not simply because the subject child had

3

been returned to the custody of the petitioner father in England during its pendency, but because the petitioner had subsequently obtained a new English court order granting him primary physical custody of the child and prohibiting return to the respondent mother.  While the Tenth Circuit expressly declined to reach the issue of whether "a child's return to his country of habitual residence fails to moot an appeal," it noted: "Assuming that we had the power to alter the status quo, prior to the issuance of the new custody order, by ordering [the child's] return to the United States, we lost that authority once the English family court altered the terms of the child's custody to forbid [him] from traveling to the United States to have contact with his mother.  As the English family court retained jurisdiction at all times over [the child's] custody, and we have never had jurisdiction over the merits of the English family court's custodial decisions, we are powerless to alter the current custodial regime forbidding the very relief that Shahani seeks: return of the child to the United States." Id. at 1132.

In an oft-quoted passage, the Sixth Circuit cautioned that: "Staying the return of a child in an action under the Convention should hardly be a matter of course.  The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court." See Friedrich v. Friedrich, 78 F.3d 1060, 1063 (6th Cir. 1996). This Court finds itself very much in harmony with the Sixth Circuit.  As a result, balancing all of the factors outlined in Hilton, supra, the Court is inclined to deny a stay pending appeal.

Nevertheless, with emphasis on irreparable harm, a full and complete analysis of the appropriateness of a stay pending appeal cannot be complete without an answer to the question open in this Circuit as to whether any appeal would be effectively mooted by the return of the Children to petitioner in the United Kingdom.  Accordingly, the Court finds that a brief stay is in

4

order, so that respondent may make a request to the Second Circuit Court of Appeals for an emergency stay and expedited treatment of his appeal. See Diorinou v. Mezitis, 237 F.3d 133, 138 (2d Cir. 2001) (noting that district court which granted Hague Convention petition had "helpfully stayed its order" of return for a period of two days to permit respondent to seek a stay pending appeal from the Court of Appeals). For that purpose, the Court will stay the enforcement of the judgment entered in this action through and including July 8, 2010.

## **FEES AND COSTS**

As a matter of judicial economy and efficiency, the Court reserves ruling on petitioner's request for attorneys' fees and bill of costs at this time. In the event that an appeal might result in the judgment being vacated, any award pursuant to 42 U.S.C. § 11607(b)(3) would be vacated as well. Conversely, if respondent's appeal is ultimately unsuccessful, petitioner may be entitled to recover additional fees and costs. Indeed, petitioner foresees this possibility and has already made a preemptive request for leave to supplement her fee application post-appeal to reflect any future legal fees, as well as any return-related expenditures that petitioner may be forced to make herself due to respondent's recalcitrance (e.g., the Children's plane fare). And, in any event, costs will not be taxed by the Clerk of the Court during the pendency of any appeal. See E.D.N.Y. Local Rule 54.1(a). The Court therefore defers ruling on petitioner's fee application until respondent's appeal is decided. See, e.g., Whallon v. Lynn, No. 00-11009, 2003 WL 1906174 (D. Mass. Apr. 18, 2003) (ruling on Hague Convention fee application after appellate court affirmed order of return); see generally, e.g., Fed. Ins. Co. v. PGG Realty, LLC, 06-cv-2455, 2010 WL 1253176 (S.D.N.Y. Mar. 24, 2010) (ruling on fee motion that had been stayed by the court while the underlying decision was on appeal); Diplomatic Man, Inc. v. Brown, No. 05-cv-9069, 2007 WL 2827125 (S.D.N.Y. Sept. 28, 2007) (same).

# JUDGMENT

Pursuant to the Memorandum and Order entered in this action on June 9, 2010, it is

ORDERED and ADJUDGED that the Petition is hereby granted and the Children shall be returned to the United Kingdom in accordance with this Judgment; and it is further,

ORDERED and ADJUDGED that respondent, or any other person having actual control of the Children here in the United States, shall return the Children to the United Kingdom, to be accompanied by petitioner's father, Mac Mahabal, or another relative and/or guardian mutually agreed upon and designated by the parties, on a flight departing from New York's John F. Kennedy Airport to London's Heathrow Airport between the dates of July 16, 2010 and July 30, 2010. The flight shall be mutually agreed upon by petitioner and respondent, and one-way tickets for the Children and their designated chaperone shall be purchased for that flight by respondent pursuant to 42 U.S.C. § 11607(b)(3), no later than seven (7) days prior to the scheduled departure date of the flight. The Children shall be handed over to their designated chaperone no later than three (3) hours prior to the flight's scheduled departure time as of the date ticket reservations are made; and it is further,

ORDERED that the Children's passports, currently in the possession of the Clerk of the Court, shall be released to petitioner's attorneys, Jones Day, to be given to the Children's designated chaperone so that the Children may return to the United Kingdom in accordance with this Judgment; and it is further,

ORDERED that enforcement of this Judgment is stayed until July 8, 2010, solely for the purpose of permitting respondent to apply to the Second Circuit Court of Appeals for an emergency stay pending appeal and an expedited appeal; and it is further

ORDERED that, within fifteen (15) days of disposition of respondent's appeal by the Court of Appeals, petitioner shall submit a letter to the Court requesting to renew, withdraw, amend/supplement or continue the stay of her fee application at that time. Such letter shall be filed electronically on the case docket and served on respondent. Any response by respondent must be likewise filed and served within five (5) days of petitioner's letter.

This constitutes the final judgment of this Court. Following the resolution of respondent's appeal, any appropriate order awarding costs and fees to petitioner pursuant to 42 U.S.C. § 11607(b)(3) may be entered separately. Pending appeal, the Court retains jurisdiction over this case to permit any modification of the judgment circumstances require and to ensure the judgment's enforcement.

**SO ORDERED**.

DATED: Brooklyn, New York
July 2, 2010

/s/
ERIC N. VITALIANO
United States District Judge